

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1961

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas

Opinion No. WW-1108

Re: Authority of Comptroller
to issue a warrant reim-
bursing the party actually
paying taxes ordered re-
funded by the Legislative
Claims Bill, in lieu of
making such reimbursement
to the veteran named in
the Act.

Dear Mr. Sadler:

Our opinion is requested on the following question:

> May the Comptroller of Public
> Accounts issue a Treasury Warrant
> payable to the assignee of a claimant
> named in Section 1A, House Bill 22,
> 56th Texas Legislature, Third Special
> Session, Chapter 18, when the assignee
> has paid the taxes contemplated by the
> bill?

The Veterans' Land Board had for some time followed
the legal construction that when a veteran's land purchase
contract was forfeited for non-payment, and the State was
reinvested with full title to the land, tax liens on the
tract ceased to exist and were merged into the State title.
In June, 1957, said board advertised a forfeited tract for
sale, the notice stating that the tract would be sold free
of taxes. Nehemias Alvarado was the purchaser at such sale.
Subsequently, the Texas Supreme Court held that tax liens
would not merge but continued to run with the land after re-
sale. The State, therefore, was in the position of having
sold land under an unintentional misrepresentation, inasmuch
as there were delinquent taxes against such land at the time
of such forfeiture.

The Legislative Claims Bill (Acts of 1959, 3rd
C.S., Ch. 18, p. 404) moved to correct this situation. Sec-
tion 1A thereof appropriated "an amount not to exceed the

amounts set forth opposite the names of the following military veterans respectively, to-wit: . . . Nehemias Alvarado . . . 372.28 . . ."

In October, 1960, with Board approval, veteran Alvarado assigned his purchase contract to A. J. Morrow, a non-veteran, who, as part of the transaction, paid the taxes in question, and who now seeks reimbursement therefor under the Claims Bill.

The answer to your question requires a careful analysis of the Act. Section 1 appropriates funds to pay claims of numerous types. The appropriation in Section 1A is limited to tax refunds to veterans under the circumstances aforesaid. In addition to naming the veterans and giving the amounts to be paid them, Section 1A also provides:

> "Said payments shall be received in full satisfaction of all claims and demands of said named veterans, respectively, against the State of Texas arising out of the resale by the Veterans' Land Board . . . and the purchase . . . by said named veterans. . . . Said payments shall be made as and when the chairman of the Veterans' Land Board certifies to the Comptroller: (a) the name of the veteran; . . . and (e) whether in fact said amounts have been paid by the veteran or are still owing and unpaid to the agency or official charged by law with the collection thereof. If said amounts have been paid by the veteran, the Comptroller shall issue the State's warrant in the name of the veteran making such payment and deliver such warrant to the Veterans' Land Board for transmittal to the veteran; if, however, said amounts are still due and owing to the agency or official charged with the collection thereof, the State's warrant shall be issued in the name of such agency or official. . . ."

Section 3 of the Act directs the Comptroller "to issue a warrant or warrants on the State Treasurer in favor of each of the persons, firms or corporations named herein . . ."

It will be noted that the statute authorizes payment only to the veteran mentioned in the statute, or to the taxing agency where taxes are still unpaid. (Subsequent to enactment of the Claims Bill, part of the taxes on the land in question were paid by the State to the taxing authority.) In view of the specific directions in the statute, we are constrained to answer your question in the negative. To hold that a warrant might issue payable to a person other than the named veteran or the tax authority would be to hold that the Comptroller could act contrary to the statutory directions.

The warrant may only be issued in the name of Mr. Alvarado and delivered to the Veterans' Land Board. As a matter of mechanics, the problem might be solved if Mr. Alvarado were to endorse the warrant over to Mr. Morrow while the Board, through an agent, is still in possession of the same. The Board could then deliver the warrant to the endorsee, Mr. Morrow. Further, we enclose herewith a copy of Attorney General's Opinion No. 0-1062 which suggests an additional solution to the problem. If an assignment and power of attorney, executed by Mr. Alvarado, somewhat similar to the one set out on page 4 of said opinion, is filed with the Veterans' Land Board, such Board would then be empowered to deliver the warrant to Mr. Morrow, who could endorse thereon the name of the payee and cash same. If the matter cannot be worked out under one of the above arrangements, a new appropriation will have to be secured in Mr. Morrow's name.

## SUMMARY

Since the Legislative Claims Bill orders payment of a tax refund to a named veteran, the Comptroller is without authority to issue a warrant under such appropriation to another person who purchased said veteran's tract and who actually paid the taxes in question.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:afg

Honorable Jerry Sadler, page 4 (WW-1108)


APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Thomas Burrus
John Reeves
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.